UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

LEONEL SEVERINO

Defendant.

13-CR-755 (NRB)

**MEMORANDUM AND ORDER**

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On November 1, 2022, Leonel Severino ("Severino" or "defendant") pleaded guilty to the use and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. On April 18, 2023, this Court sentenced Severino to a non-guidelines term of imprisonment of 96 months, based on an Offense Level of 24 and a Criminal History Category of II. See ECF No. 75. He faced a Sentencing Guidelines range of 117-131 months. Id.

Defendant has filed a motion for Compassionate Release, primarily relying on Amendment 821 to the Sentencing Guidelines. See ECF No. 84. Amendment 821, which went into effect on November 1, 2023 and applies retroactively, provides for a potential recalibration of a defendant's Sentencing Guidelines if he had

zero criminal history points or if he committed the instant offense while under a criminal justice sentence.

Having considered the record in this case, the Court finds that the defendant is ineligible for a sentence reduction pursuant to Amendment 821 because he did not receive an enhancement for committing the offense while under a criminal justice sentence and because he had a previous criminal record resulting in one criminal history point. Id. The United States Probation Department reached the same conclusion when it issued a report finding that the defendant is not eligible for a sentence reduction. See ECF No. 85.

Defendant also seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on the following self-described "extraordinary and compelling" reasons: (1) that he does not pose a danger to the community because he will "likely be deported from the United States" following his release from prison; (2) that his elderly mother requires his assistance; and (3) his exemplary disciplinary record while in prison. These reasons do not justify compassionate release. The first two factors were well known to and considered by the Court at sentencing, and "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). In addition, defendant has a mandatory minimum sentence of five years. Thus, any discussion of compassionate release is seriously premature.

Accordingly, this motion is denied. The Clerk of Court is respectfully instructed to terminate the motion pending at ECF No. 84 and mail a copy of this decision to Leonel Severino (Reg. No. 69290-054) at FCI Allenwood Medium in White Deer, Pennsylvania.

Dated:  March 21, 2024
        New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE