```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA,

      - against -                    MEMORANDUM AND ORDER

LEONEL SEVERINO,                     13 Crim. 755-2 (NRB)

            Defendant.

------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Before the Court is a motion by defendant Leonel Severino ("Severino" or "defendant") to correct his sentence. See ECF No. 88 ("Mot."). Defendant asserts that: (i) he should have received credit towards the calculation of his jail time for a pre-sentence period during which he was released on bail but subject to home confinement and electronic monitoring; and (ii) this period of pre-trial confinement "constitute[d] a seizure of his person under the [Fourth] Amendment." Id. at 1-2. The Government opposes defendant's motion. See ECF No. 89 ("Opp."). For the following reasons, defendant's motion is denied in full.

## BACKGROUND

Defendant was indicted on October 3, 2012 in connection with a conspiracy to commit robbery, ECF No. 1, and arraigned on October 4, 2013. Following his arraignment, defendant was released on bail. While he was initially subject to home detention with electronic monitoring, defendant's bail conditions were modified

on February 23, 2015 to provide for a curfew with electronic monitoring. ECF No. 25.

On November 1, 2022, defendant pled guilty to the use and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. See ECF Nos. 71-73. Subsequently, on April 18, 2023, this Court sentenced defendant to a term of imprisonment of 96 months and a period of supervised release of 3 years.

Approximately six months later, on November 28, 2023, defendant filed a motion for compassionate release, relying primarily on Amendment 821 to the Sentencing Guidelines. See ECF No. 84. This Court denied defendant's motion on March 21, 2024, determining that he was ineligible for a sentence reduction pursuant to Amendment 821 and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). See ECF No. 86.

On August 26, 2024, defendant filed the present motion to correct his sentence, asserting that the period of time he spent on home confinement should be credited against his sentence and that his home confinement constituted a seizure of his person under the Fourth Amendment to the United States Constitution. Mot. at 1-3. Defendant attached to his motion letters from the director of a reentry program, the mother of his son, his mother, and his

stepfather.  Mot. at 4-9.  The Government filed a letter opposing this motion on October 21, 2024.  Opp. at 1.

## DISCUSSION

It is well settled that a defendant is not entitled to credit for time spent in non-jail confinement, including home confinement, during a period of pre-trial supervision. Cucciniello v. Keller, 137 F.3d 721, 725 (2d Cir. 1998) (citing Reno v. Koray, 515 U.S. 50, 56-60 (1995)).  While 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date [his] sentence commences[,]" the Supreme Court has previously determined that "official detention" within the meaning of § 3585(b) does not include "time spent in non-jail confinement as a condition of bail release that began pretrial and continued until sentencing[.]"  Keller, 137 F.3d at 722 (affirming appellant was not entitled to credit for time spent under home confinement as a condition of bail release) (citing Koray, 515 U.S. at 56-60).  Accordingly, Severino is not entitled to any credit for the time he spent on home confinement while released on bail.[1]

---

[1] Additionally, we note that the conditions of home confinement described in defendant's motion are misleading at best.  Although defendant asserts that he was "confined to his home" for a period of 9 years, Mot. at 2, the record shows that his bail conditions were, in fact, modified on February 23, 2015, ECF No. 25.  At that time, his bail conditions were changed from home detention with electronic monitoring to curfew with electronic monitoring.  ECF No. 25.

Even if defendant was entitled to credit for such time, the Court does not have any basis to grant defendant's requested relief.  As an initial matter, "the date from which a defendant's time is measured to begin the defendant's sentence is a matter committed to the Bureau of Prisons[,]" United States v. Masso, 935 F. Supp. 2d 739, 740 (S.D.N.Y. 2013) (citing United States v. Whaley, 148 F.3d 205, 207 (2d Cir. 1998)), and a defendant "must first exhaust his administrative remedies before seeking judicial relief" with respect to his application for jail credit based on his pretrial home detention.  United States v. Savoy, 199 F.3d 1324, 1324 (2d Cir. 1999) (internal quotation and citation omitted).  Defendant has provided no evidence suggesting that he made an application to the Bureau of Prisons to correct his jail time credits before writing to this Court.

Further, as the Government notes in its opposition, the Court does not have the ability to correct defendant's sentence under either Rule 35 or 36 of the Federal Rules of Criminal Procedure. Opp. at 1-2.  Rule 35 allows for the correction of a defendant's sentence within fourteen days of his sentencing, Fed. R. Crim. P. 35(a), or after the Government has moved for a sentencing reduction under Fed. R. Crim. P. 35(b).  Neither circumstance applies here.

---

Defendant remained subject to these bail conditions until his sentencing on April 18, 2023.  Accordingly, defendant was subject to the strict home confinement he describes in his motion for a period of only sixteen months, rather than the nine years he claims.

-4-

And, although Rule 36 permits the Court to correct a clerical error in a judgment, order, or other part of the record, such an error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." Marmolejos v. United States, 789 F.3d 66, 71 (2d Cir. 2015) (quoting United States v. Werber, 51 F.3d 342, 343 (2d Cir. 1995)). Because defendant has not asserted any such error, it cannot be corrected by Rule 36.

Finally, defendant asserts that his period of home confinement "constitute[d] a seizure of his person under the 4th Amendment[.]" Mot. at 2-3. "[W]hile pre-trial detention is a seizure, it is reasonable . . . if it is supported by probable cause." Salem v. City of New York, 811 Fed. App'x 678, 682 (2d Cir. 2020) (citing Bailey v. United States, 568 U.S. 186, 192 (2013)). Here, defendant has not alleged a lack of probable cause for his arrest or pretrial detention, nor is there any evidence of such in the record. Rather, he was detained in accordance with his bail conditions and in connection with a crime to which he subsequently pled guilty. Salem, 811 Fed. App'x at 682. Accordingly, defendant cannot plausibly allege that he was subject to an unconstitutional seizure in violation of the Fourth Amendment.

In sum, defendant is not entitled to credit against his sentence for time spent under home confinement as a condition of his bail release. Further, defendant's time spent on home confinement did not constitute a seizure of his person under the Fourth Amendment. His motion is denied in full.

## CONCLUSION

For the reasons stated above, defendant's motion is denied. Furthermore, as defendant has failed to make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253. It is hereby certified that any appeal from this Memorandum and Order would not be taken in "good faith" within the meaning of 28 U.S.C. § 1915(a)(3). See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is respectfully directed to terminate the motion pending at ECF No. 88 and mail a copy of this decision to Leonel Severino (Reg. No. 69290-054) at FCI Allenwood in White Deer, Pennsylvania.

Dated:   January 3, 2025
         New York, New York

*[signature]*

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE